No. 26,063.

W. F. Cuthbert, doing business as The Cuthbert Cut Stone Company, *Appellee,* v. George T. Rickey and The Ætna Casualty and Surety Company, *Appellants.*

### SYLLABUS BY THE COURT.

1. Building and Construction Contracts—*Papers Annexed or ·Referred to.* In a subcontract to furnish cut stone for a building, reference was made to the original plans and specifications of an architect. It is held that such specifications enter into and become a part of the subcontract only so far as will effectuate the manifest purposes of the parties in making the subcontract.

2. Same. The provisions of the subcontract examined, and it is held to have been properly interpreted by the trial court.

Appeal from Sedgwick district court, division No. 1; Thomas E. Elcock, judge. Opinion filed July 11, 1925. Affirmed.

*Robert W. Hemphill, Jr.,* of Norton, for the appellants.

*R. R. Vermilion, Earle W. Evans, Joseph G. Carey, W. F. Lilliston* and *Arnold C. Todd,* all of Wichita, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: This action was brought by W. F. Cuthbert, doing business as the Cuthbert Cut Stone Company, against George T. Rickey and the Ætna Casualty and Surety Company, to recover a balance claimed to be due the plaintiff for cut stone furnished to Rickey and used by him in the erection of a high-school building at Hill City. The plaintiff prevailed and defendants appeal.

It appears that the defendant Rickey contracted to furnish the materials and erect a high-school building at Hill City in accordance with plans and specifications prepared by W. H. Sayler and Company, architects. He entered into a subcontract with plaintiff to furnish cut stone, and plaintiff did furnish the same. No question is raised as to the quantity or quality of the cut stone furnished, but defendants contend that under the contract with plaintiff he was required to set as well as furnish certain parts of the stonework in the building. The parties stipulated that—

"This action is brought to obtain a judicial interpretation of the contract between plaintiff and defendant George T. Rickey, the point of disagreement

---

1. Building and Construction Contracts, 9 C. J. § 40.   2. Id., 9 C. J. § 40.

in regard to said contract between the plaintiff and defendant Rickey being whether or not plaintiff should have set the cut stone, excepting cut-stone sills and copings appearing in stone masonry work, as the result of the aforesaid contract; and that if under the terms of the said contract the court finds that plaintiff was bound to set the said cut stone, then judgment should be rendered for defendants for costs and plaintiff should take nothing by this action. But if under the contract the court finds that plaintiff was not bound to set the cut stone furnished defendant Rickey under said contract, then judgment should be rendered for the plaintiff for the amount claimed in plaintiff's petition, together with the costs of this action."

It was further stipulated "that the defendant The Ætna Casualty and Surety Company is liable equally with the defendant Rickey if said defendant Rickey is liable." The only question dividing the parties, therefore, is whether the plaintiff was obligated to set the cut stones as well as to furnish the same, and this must be determined by an interpretation of the contract.

A contract between the parties provided in great detail for the furnishing of the cut stone, which was to be of a certain grade, and stipulated how it should be cut and numbered ready for setting, and as to the loading and shipment of the stone. There was a further provision as to the settlement of disputes that might arise as to the cutting and furnishing of the stone. There was no stipulation in the contract as to the setting of the stones in the building by the plaintiff. On the contrary, there was a specific statement recognizing that the stone was to be set by the defendant Rickey. Throughout the contract Rickey is designated as purchaser and the plaintiff as the company. Paragraph 6 of the contract provides:

"It is further agreed that the company shall furnish proper working diagrams and drawings, to enable the purchaser to set said cut stone correctly, and that said purchaser shall not incur any expense chargeable to the company other than payment of freight bills, without the necessary authority being given by said company."

In the first paragraph of the contract is the statement that—

"Cuthbert Cut Stone Company (hereinafter called the company) proposes to furnish cut stone called for by the original specifications hereinafter mentioned, prepared by W. H. Saylor & Co., architects, and shop drawings to be prepared by the company and approved by said architects for the exterior of Hill City school building at Hill City, Kansas."

A later provision is that the specifications so made shall be considered a part of the contract in relation to the cut stone. In the preamble to the specifications prepared by the architects it was stated:

"Contractor shall mean the person or persons who shall contract for the execution of the work herein described and shown by the accompanying drawings."

In the specifications this statement occurs:

"This contractor will set all cut stone, sill and copings appearing in his part of the work, but the balance of the cut stone will be set by cut-stone contractor."

On another page of the specifications it was stated:

"The stone mason will set all cut-stone sills and copings appearing in stone and masonry work, and cut-stone contractor will set all the balance of cut stone."

It is clear that under the contract the plaintiff was not required to set the stone in the building, the terms of the contract, which was between Rickey, the general contractor, and the plaintiff, covered no more than the cutting and furnishing of the stone for the building.

It is contended by the defendants that the reference in the contract to the original specifications of the architects makes these specifications a part of the contract between the parties. The architect was not a party to the subcontract in question. The reference to the specifications must be construed as applying only to the purposes of the subcontract for the furnishing of the stone. In referring to the specifications the parties manifestly meant that the plaintiff should cut the stone in the forms specified by the architect. In a case involving a subcontract it was held that a reference in it to an extraneous writing to carry out a particular purpose makes such writing a part of the subcontract for that purpose alone. (*Guerini Stone Co. v. Carlin*, 240 U. S. 264. See, also, 13 C. J. 530.) It was the evident purpose of the subcontract that the plaintiff should cut and furnish the stone, and it being expressly stated that the stone was to be set by Rickey, leaves no doubt as to the intention of the parties, and their purpose was not changed by the names given by the architect to the persons by whom the work was to be done. The architects had no control over the subcontracts that might be let nor did the specifications restrict the general contractor as to the subletting of the different parts of the work. The specifications controlled as to the quality and character of the work, but did not control as to the men by whom the work should be done. Rickey, the general contractor, was at liberty to sublet different parts of the stone work to different parties. For instance, he might have let a contract to one for furnishing the stone in the rough, to another

to cut it according to specifications, and to still another to set the cut stone in the building. A reference to the specifications in the subcontracts as to the persons who should perform the different parts of the work would carry into the subcontract only such parts of the specifications as were applicable to the work which each subcontractor undertook to perform. We think the court rightly ruled that the plaintiff's contract was unambiguous, was open to no other interpretation than that Rickey and not the plaintiff was to set the stone in the building, and it appears that half of the stonework on the building had been completed before any claim was made by Rickey that plaintiff was under obligations to set the stone.

Complaint is made of the exclusion of evidence relating to the meaning of the contract. A witness was asked to interpret the terms used in the contract and the effect to be given them, but the evidence was clearly inadmissible. That was the function of the court.

The judgment is affirmed.